JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 8462

-----------------------------------------------------------x
AKJTAR KHAN                                                )   No. Civ._____
                                                           )
                Plaintiff,                                 )   COMPLAINT
                                                           )   JURY TRIAL DEMAND
        -AGAINST-                                          )
MIDLAND FUNDING, LLC,                                      )
MIDLAND CREDIT MANAGEMENT, INC.                            )
PETER T. ROACH & ASSOCIATES, P.C.,                         )
PETER T. ROACH                                             )
TIMOTHY MURTHA                                             )
RUBIN & ROTHMAN LLC                                        )
JOHN DOES # 1 - 5                                          )
                Defendants.                                )
-----------------------------------------------------------x

Plaintiff, AKJTAR KHAN brings suit against Defendants for their violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq, New York Judiciary Law § 487, and in support would show as follows.

## JURISDICTION AND VENUE

1.  This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.  The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

1

3. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in New York County, New York.

4. Plaintiff is an individual who resides in New York County, New York.

5. Defendant Peter T. Roach and Associates, P.C. ("the Roach PC") is a professional corporation with its principal place of business at, 125 Michael Drive, Suite 15, Syosset, New York 11791. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York. Said Defendant may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

6. Defendant Peter T. Roach, is an individual who, on information and belief, is a resident of the State of New York. Peter T. Roach is an attorney and the named partner of the Roach PC. He may be served at his place of business Peter T. Roach and Associates, P.C. 125 Michael Drive, Suite 15, Syosset, New York 11791, or wherever he may be found.

7. Defendant Timothy Murtha is an individual who, on information and belief, is a resident of the State of New York. Timothy Murtha is an attorney at the Roach PC and is personally engaged in the debt collection violations of the Roach PC. He may be served at his place of business Peter T. Roach and Associates, P.C. 125 Michael Drive, Suite 15, Syosset, New York 11791, or wherever he may be found.

8. Defendant MIDLAND FUNDING, LLC ("MF") is a foreign corporation organized under the laws of the State of Delaware with a principal place of business at 8875 Aero Dr. Ste 200, San Diego, CA 92123. It may be served through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

9. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a foreign corporation organized under the laws of the State of Kansas with a principal place of business at 8875 Aero Dr. Ste 200, San Diego, CA 92123. It may be served through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

10. Defendant RUBIN & ROTHMAN LLC is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business at 1787 Veteran's Highway, Islandia, NY 11749. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

11. John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from Rubin & Rothman, LLC to the Roach PC without disclosing that the underlying judgment had been vacated.

## FACTUAL ALLEGATIONS

12. On May 3, 2006, Midland Funding, LLC ("MF"), through its then-law firm Rubin & Rothman, LLC ("RR"), filed a collections lawsuit against now-Plaintiff Akhtar Khan in New York Civil Court Index # 27706/06. The lawsuit sought to collect a putative Citibank credit card for $4,819.60, plus interest at 9 percent from March 11, 2006, plus costs and expenses.

13. MF obtained a default judgment against Ms. Khan on or about August 16, 2006.

14. Ms. Khan retained a legal services attorney from Northern Manhattan Improvement Corporation ("NMIC").

15. NMIC filed a notice of appearance in the collection lawsuit and moved to vacate the default judgment.

3

16.     The default judgment was vacated on May 17, 2007 via a "so ordered" stipulation of the parties. The stipulation was signed by RR on behalf of MF, and by Northern Manhattan Improvement Corporation on behalf of Ms. Khan.

17.     Incredibly, MF funding began collecting on the vacated judgment beginning on or about January, 2012.

18.     Through a second law firm, Peter T. Roach and Associates, P.C. ("Roach"), MF executed an Income Execution dated January 18, 2012. The income execution was (purportedly) signed by attorney Timothy J. Murtha.

19.     The Income Execution stated it was seeking to collect a judgment entered August 16, 2006 for $5,075.32, plus interest at 9 percent from the date of judgment. This was the judgment that was in fact vacated.

20.     Suit is also brought against John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from Rubin & Rothman, LLC to the Roach PC without disclosing that the underlying judgment had been vacated.

21.     Ms. Khan was the victim of identity theft. Ms. Khan was subject to a series of collection lawsuits that arose from the theft of her identity. After much struggle, she resolved the lawsuits. She had thought (correctly) the judgment was long since taken care of, but the debt collectors' attempt to execute on her income and otherwise attempt to collect the putative debt renewed the anxiety she had when she first discovered the default judgment, and the prior traumas of multiple debt collection lawsuits for debts that were the result of identity theft.

22.     Defendants' attempts to collect on the vacated judgment inflicted emotion distress that affected her activities of daily living. She was scared. She could not sleep, tossing and turning with anxiety, fear, and worry; or not being able to go to bed at all. Her weight changed

because of the stress. She had trouble enjoying the normal activities that she used to do, such as going to church and socializing afterward.

23. Midland Credit Management, Inc. ("MCM") is the servicer of the putative debt for MF. While collection lawsuits are filed in the name of MF, the owner of the putative debt, the affirmative collection attempts to collect that debt are taken by MCM, the servicer. MCM acts as an intermediary between MF and the debt collection law firms MF retains to collect debts, including RR and Roach. The basis for the assertion of the facts in this paragraph are from prior lawsuits by other consumer against MCM and MF for violations of the FDCPA.

### FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)
(All Defendants)

24. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

26. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been

subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

27. The credit card debt Defendants alleged Plaintiff owed is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred primarily for family, personal or household purposes. The only credit cards Plaintiff ever had were used primarily for family, personal or household purposes.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a "debt."

29. Each of Defendants is a "debt collector" as defined in 15 U.S.C. § 1692a(6) as their principal purpose is the collection of debts and, and they regularly attempt to collect debts, directly or indirectly.

30. MCM is a "debt collector" because it services hundreds of thousands of alleged consumer debts after those debts are in default with the putative original creditor. MCM attempts to collect these debts directly by regularly making telephone calls and sending collection letters. MCM also collects debt directly and indirectly through sub-servicers or debt collection law firms who make collection phone calls, send collection letters, file debt collection lawsuits, and engage in post-judgment garnishment or income executive, and otherwise collect putative consumer debts.

31. MF is a "debt collector" because it regularly purchases or services hundreds of thousands of alleged consumer debts after those debts are in default with the putative original

creditor. MF's primary purpose is to collect these debts directly, or indirectly through debt collection law firms or servicers who make collection phone calls, send collection letters, file debt collection lawsuits, and engage in garnishment or otherwise collect putative consumer debts.

32. Defendant Peter T. Roach and Associates, P.C. ("the Roach PC") is a law firm engaged in the business of collecting debts by filing thousands of collection lawsuits on behalf of putative creditors or debt buyers; by utilizing post-judgment collection devices such as garnishments and income executions; by making thousands of collection phone calls; and by sending out thousands of collection letters. The Roach PC regularly collects consumer debts alleged to be due to another, and that is its primary purpose. The Roach PC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

33. Defendant Peter T. Roach is a debt collector because he regularly collects debts through the Roach PC. Roach is the named partner of the Roach PC. On information and belief, Roach exercised control over the operation and management of the debt collection activities of the Roach PC; and regularly engaged, directly and indirectly, in the collection of debts. On information and belief, the pleadings, discovery and/or collection letters of the Roach PC regularly contain the purported signature of Roach.

34. Defendant Timothy J. Murtha, an attorney, is a debt collector because he regularly collects debts through the Roach PC. Murtha signed the "Income Execution" attempting to collect a non-existent judgment through garnishment of Ms. Khan's income. Murtha personally took the actions that form a basis of one or more of the FDCPA claims in by way of this suit. Murtha regularly signs pleadings, discovery, and other collection mechanisms for the Roach PC, such as the Income Execution in this case.

35. John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from RR to the Roach PC without disclosing that the underlying judgment had been vacated.

36. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

37. Defendants materially violated the following sections of the FDCPA: 15 U.S.C. §§ 1692b, 1692b, 1692d, 1692e, and 1692f. Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the representation or implication that nonpayment of any debt would result in seizure, garnishment, or attachment of any person unless such action is lawful and the debt collector intends to take such action; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using false, deceptive or misleading representations or means; and using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and communicating with a consumer the debt collectors knows or reasonably should know is represented by counsel.

**SECOND CLAIM FOR RELIEF**
**N.Y. Judiciary Law § 487**

**(against the Roach PC, Roach, and Murtha)**

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein. The factual allegations stated above constitute violations of N.Y. Judiciary Law § 487.

39. N.Y. Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or, "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

40. The Roach PC, Roach, and Murtha violated § 487 by issuing an Income Execution to garnish Ms. Khan's income on a non-existent judgment.

41. Ms. Khan is entitled to and seeks actual damages, treble damages, and attorneys' fees and costs the violations of N.Y. Judiciary Law § 487 by the Roach PC, Roach, and Murtha.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants for the following:

42. The above referenced relief requested;

43. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

44. Treble damages pursuant to N.Y. Judiciary Law § 487 (as to the Roach PC, Roach, and Murtha);

45. A declaration that Defendants violated the FDCPA as alleged;

46. Actual damages within the jurisdictional limits of the court;

47. Attorney fees and costs;

48. Prejudgment and post judgment interest as allowed by law;

49. General relief;

50. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial in this action.

November 16, 2012
Brooklyn, New York

                              Respectfully submitted,

                              Ahmad Keshavarz
                              THE LAW OFFICE OF AHMAD KESHAVARZ
                              16 Court St., 26th Floor
                              Brooklyn, NY 11241-1026
                              Phone: (718) 522-7900
                              Fax:   (877) 496-7809
                              Email: ahmad@NewYorkConsumerAttorney.com