UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKJTAR KHAN,

                Plaintiff,

-v-

MIDLAND FUNDING LLC, *et al.*,

                Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-13
```

No. 12 Civ. 8462 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a joint letter from the parties, dated June 7, 2013, regarding a discovery dispute. Plaintiff asserts that Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland") have failed to respond adequately to Plaintiff's interrogatories; have failed either to attend Plaintiff's depositions or to move to quash them; and have failed to adequately respond to Plaintiff's requests for production. Midland, conversely, asserts that it has responded to all of Plaintiff's discovery requests; has admitted liability under the Federal Debt Collection Practices Act ("FDCPA") while asserting the bona fide error defense; and has asserted that the attorney-client privilege protects against discovery of certain documents that Plaintiff seeks and that, as a result of Midland's admission of liability, are in any event no longer relevant.

    The Court is mindful that the FDCPA provides for fee-shifting and that, in light of Midland's admission that it erroneously undertook collection proceedings against Plaintiff, the factual issues respecting Midland may be limited to its bona fide error defense and damages. Beyond those issues, it is not clear from the joint letter what Plaintiff hopes to learn from discovery, although Plaintiff suggests that she may be trying to ascertain the identities of any other liable parties. Accordingly, IT IS HEREBY ORDERED THAT the parties shall proceed with discovery limited to Midland's bona

fide error defense and to damages. To the extent Plaintiff's contemplated deposition of a Midland representative is limited to those topics, IT IS FURTHER ORDERED THAT Midland shall produce a representative responsive to Plaintiff's notice of deposition by June 21, 2013. If Plaintiff believes that the scope of discovery needs to be broader than what the Court has provided for, the parties may submit a joint letter setting forth their views about what additional topics, if any, are appropriate matters for discovery.

Finally, with respect to interrogatories, the Court agrees with Plaintiff that a blanket objection is insufficient. Federal Rule of Civil Procedure 33 requires the grounds for objection to be stated "with specificity," Fed. R. Civ. P. 33(b)(4), and "'[b]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy,' while producing 'no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse.'" *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) (quoting *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009)). Accordingly, assuming the truth of Plaintiff's claim that Midland offered only a "single, blanket written objection to all interrogatories," IT IS HEREBY ORDERED THAT Midland shall either respond to Plaintiff's interrogatories or articulate specific objections to them no later than June 24, 2013.[1] Plaintiff's request that the Court deem any objections waived is DENIED on the grounds that Midland served its objection in a timely fashion, and Plaintiff, who waited more than three months to challenge the objection, fails to articulate any prejudice she may have suffered from the delay.

SO ORDERED.

DATED:   June 10, 2013
         New York, New York

         _____
         RICHARD J. SULLIVAN
         UNITED STATES DISTRICT JUDGE

---

[1] Because the parties neglected to attach Midland's objections to their joint letter, the Court cannot determine at this time whether Midland's objection in fact failed to satisfy Rule 33.