UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKJTAR KHAN,

                 Plaintiff,

-v-

MIDLAND FUNDING LLC, *et al.*,

                 Defendants.

No. 12 Civ. 8462 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of the attached joint letter, dated July 17, 2013, from Plaintiff, Defendant Midland Funding, LLC ("Midland"); Defendants Peter T. Roach & Associates, P.C., Peter T. Roach, and Timothy J. Murtha (the "Roach Defendants"); and non-party Eltman, Eltman & Cooper, P.C. ("EEC"), regarding EEC's claim of privilege over (1) its collection agreement with Midland and (2) a document it identifies as the "MCM Firm Manual." Plaintiff argues that those documents are relevant to the Roach Defendants' bona fide error defense. The Roach Defendants do not dispute Plaintiff's assertion – indeed, they appear to concede that the sought after documents are relevant to its defense – but counter that the attorney-client privilege between Midland and EEC shields the documents from discovery.

    It is well-established that "[t]he burden is on the party claiming the protection of a privilege to establish those facts that are essential to the elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (internal quotation marks omitted). To carry its burden, a party must "show by affidavit or other competent evidence sufficient facts to bring the disputed documents within the confines of the privilege." *United States v. Davis*, 131 F.R.D. 391, 402 (S.D.N.Y. 1990). "[M]ere conclusory or *ipse dixit* assertions," therefore, are insufficient. *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 225 (2d Cir. 1984) (internal quotation marks omitted).

Here, neither the Defendants nor EEC establishes that any privilege applies to the collection agreement or firm manual. EEC's privilege log asserts the attorney-client privilege and work product doctrine only in conclusory terms, and the mere fact that in-house counsel may have drafted the manual does not establish that it is indeed privileged work product. *Cf. Davis*, 131 F.R.D. at 402 ("[I]n-house counsel's law degree and office are not to be used to create a privileged sanctuary for corporate records." (internal quotation marks omitted)). The more fundamental point, though, is that the documents Plaintiff seeks are not privileged. "[A] long and unbroken line of cases in this Circuit have established that 'in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'" *Torres v. Toback, Bernstein & Reiss, LLP*, 278 F.R.D. 321, 322 (E.D.N.Y. 2012) (quoting *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir.1993)). Similarly, numerous cases under the Fair Debt Collection Practices Act have required disclosure of manuals regarding collection practices and procedures. *See, e.g., Pullen v. Arrow Fin. Servs., LLC*, No. 02 Civ. 647 (DJS), 2002 WL 32864712, at *4-5 (D.Conn. Oct. 17, 2002); *Kimbro v. I.C. Sys., Inc.*, No. 01 Civ. 1676 (DJS), 2002 WL 1816820, at *3 (D.Conn. July 22, 2002); *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D.Conn. 1998).

Because neither Defendants nor EEC has established that the documents Plaintiff seeks are privileged, IT IS HEREBY ORDERED THAT EEC shall produce those documents to Plaintiff by July 29, 2013.

SO ORDERED.

DATED:   July 22, 2013
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026  
WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com  
PHONE: (718) 522-7900  
FAX: (877) 496-7809

July 17, 2013

Judge Richard J. Sullivan  
Southern District of New York  
500 Pearl St.  
New York, New York 10007

      Re:    **Plaintiff's letter to enforce subpoena against EEC.**  
               **Case No. 1:12-cv-08462-RJS,** *Akhtar Khan v. Midland Funding, LLC* **et al.**

Dear Judge Sullivan:

      The undersigned represents Plaintiff in this Fair Debt Collection Practices Act case.

### Plaintiff's View:

      Plaintiff seeks to enforce its June 4, 2013 subpoena to against Eltman, Eltman, & Cooper ("EEC"), the law firm that the Midland Defendants[1] forwarded the vacated judgment against Ms. Khan for execution. EEC in turn forwarded the account to the Roach Defendants[2] for execution. Attached as Exhibit A is the list of documents that were subpoenaed. On June 25, 2013, EEC served a letter seeking a pre-motion conference to file a motion to quash the subpoena. EEC moved to quash the subpoena because EEC argued the documents were (1) protected by the attorney client and workproduct privileges, (2) not relevant given Plaintiff's settlement with Midland, (3) would disclose "proprietary information in Eltman's possession from Midland", and (4) were "unnecessarily broad and completely irrelevant to the issues herein." On June 27, 2013, Your Honor issued an order [DE 34] stating:

> IT IS HEREBY ORDERED THAT Eltman shall produce any non-privileged documents that are responsive to Plaintiff's subpoenas. See Fed. R. Civ. P. 45(d)(1). To the extent Eltman wishes to assert privilege over responsive documents, IT IS FURTHER ORDERED THAT it shall provide Plaintiff with a privilege log describing the nature of the withheld documents and the basis for the claim of privilege. See Fed. R. Civ. P. 45(d)(2). If Plaintiff then wishes to compel enforcement of the subpoena, she may move to do so.

      On July 1, 2013, EEC served the privilege log attached as Exhibit B. The documents at issue are the (1) collection agreement between Midland and EEC and (2) a document EEC identifies as the "MCM Firm Manual." EEC objects to producing these documents because it contains "proprietary information." In response to this letter, both Midland and EEC contend the documents are not relevant. However, EEC already argued in its June 27, 2013 letter that the arguments that the documents are proprietary or irrelevant, but EEC lost that argument when the

---

[1] The "Midland Defendants are Midland Funding, LLC and Midland Credit Management, Inc.  
[2] The "Roach Defendants" are Peter T. Roach & Associates, P.C., Peter T. Roach and Timothy Murtha.

1

court ordered EEC to produce "any non-privileged documents" responsive to the subpoena. That position should not be allowed to be re-litigated.

EEC makes blanket objections to "attorney client communication" and "workproduct," but does not provide a privilege log with enough specificity to address the objections. Plaintiff does not know what is meant by the "MCM Firm Manual," and the privilege log does not provide enough specific information to allow Plaintiff to understand much less challenge the designation. However, courts in FDCPA actions routinely order the production of various collection manuals.[3]

As to the issue of the collection agreement between Midland and EEC, courts routinely order the production of collection agreements with debt collection law firms.[4] Even if the contract between Midland and EEC were more along the lines of a retainer agreement than a collection agreement, retainer agreements are not privileged.[5] The collection agreements are relevant, if for no other reason, than to delineate the responsibilities of the parties in exchanging information, the information required to be shared, and whether a party explicitly disclaims reliance upon the information provided by another party. A standard provision of a collection agreement is a "representation and warranties" section that either expressly makes, is silent upon, or affirmatively disclaims representations as to the accuracy of the information. If the collection agreement between Midland and EEC disclaims warranties and representations, then the Roach Defendants -- who apparently were the agents of both Midland and EEC – would lose any claim to a bona fide error defense that they had no reason to know that the judgment they were executing upon was vacated.[6] Apparently the MCM Firm Manual is responsive to subpoena item

---

[3] *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998) (granting motion to compel, "Copies of any policy manuals or instructions used by defendants or persons under their supervision regarding collection practices or procedures."); *Boutvis v. Risk Management Alternatives, Inc.*, 2002 WL 971666 * 3 (D.Conn. 2002) (compelling production of "manuals, written procedures, and protocols defendant uses in complying with the FDCPA and in accessing and reporting to credit bureaus"); and *Kimbro v. I.C. System, Inc.*, 2002 WL 1816820 (D. Conn. July 22, 2002) (granting motion to compel production of "the manuals, written procedures, and protocols defendant uses in complying with the FDCPA and in accessing and reporting to credit bureaus.").

[4] *McCollough v. Johnson, Rodenberg & Lauinger*, 2009 WL 44551 at * 1 (D. Mont. 2009) ("The document sets forth procedures upon which the signatories have agreed for communication between them in their efforts to service debts, and sets forth the fee arrangements for such services. As noted in the Court's prior Order, such information generally does not fall under the protection of attorney-client privilege.") (*citing to Reiserer v. US*, 479 F.3d 1160, 1165 (9th Cir. 2007); *Tzanetis v. Weinstein & Riley, P.S.*, 2009 WL 5128892 at * 1 (D. Conn. 2009) (ordering debt collection law firm to produce "All contracts and retainer agreements with [debt buyer] and [with] any intermediary, servicer or forwarder in effect as of the date you received plaintiff's account for collection and dates thereafter.")

[5] *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993) ("We have determined that in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.") (internal citations omitted)

[6] *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948-49 (9th Cir. 2011) ("However, the bona fide error defense "does not protect a debt collector whose reliance on a creditor's representation is unreasonable."…The undisputed evidence established that JRL's reliance on CACV's email was unreasonable as a matter of law. First, Collect America's contract with JRL expressly disclaimed "the accuracy or validity of data provided" and instructed that JRL was "responsible to determine [its] legal and ethical ability to collect" the account.") (citations omitted); *Crafton v. Law Firm of Jonathan B. Levine*, 2013 WL 3441243 at * 6 (E.D. Wis. July 9, 2013) ("The defendant has produced no evidence that it has any agreement with its clients regarding the currency or accuracy of the accounts when they are referred. Therefore, even construing the evidence in the light most favorable to the defendant, as the Court must, the defendant has not produced sufficient evidence which would

# 1 (the contracts governing the collection of the subject debt). In that case, the Manual is directly relevant for the same reasons the collection agreement is.

If there is any concern about confidentiality, EEC could designate the documents as confidential under the stipulated protective order. EEC has already agreed to produce its collection agreement with the Roach Defendants under the terms of the protective order.

**Defendant Midland's View:**

Midland has a retainer agreement that it uses when it retains counsel. The retainer agreement is confidential and Midland takes the position that the content of the retainer agreement is privileged. More significantly, the production of this document is entirely irrelevant to the allegations in the Complaint. Significantly, Midland has settled with the Plaintiff and is no longer a party to this action. The purpose of the settlement was to bring this litigation to an end with respect to Midland.

There is no colorable reason for why Midland should be compelled to produce its retainer agreement with Eltman in a suit between Roach (with whom Midland has no contractual relationship) and Plaintiff.

As to Midland's training and compliance manuals provided to Eltman, Midland asserts that these manuals are proprietary and privileged. The manuals are prepared and approved by legal counsel at Midland and consist of work product. The manuals are the property of Midland, the client, and were provided to Eltman, Midland's attorneys. Midland is not inclined to waive its protections.

Again, Midland provided no manuals to Defendant Roach. Midland is not a party to this action and the manuals are utterly irrelevant to the claims asserted by Plaintiff against Roach. Therefore, Midland does not waive attorney-client privilege and is not amenable to production of such documents through a protective order as Midland is not a party to this action and these documents are entirely irrelevant to the present claims in this litigation.

**Defendant Roach's View:**

We represent Defendants Peter T. Roach & Associates, P.C., Peter T. Roach, Esq. and Timothy J. Murtha, Esq. (collectively, the "Roach Defendants") and non-party Eltman, Eltman & Cooper, P.C. ("EEC") in this action. On June 27, 2013, the Court ordered EEC to disclose responsive documents to the Subpoena served upon it by Plaintiff and to produce a privilege log with respect to documents it deemed privilege. EEC produced such documents on July 1, 2013 and a privilege log. A copy of the privilege log is enclosed herewith.

Notwithstanding the privilege log, EEC has agreed to disclose the Service Provider Master Agreement between EEC and the Roach Defendants pursuant to an executed stipulation and protective order. However, with respect to the Defendant Midland Credit Management, Inc.'s ("Midland Credit") contract with EEC and its firm manual, neither EEC nor Roach can produce such documents because Midland Credit has asserted the attorney-client privilege as

---

support a reasonably jury finding that the bona fide error defense applied to its violations of §§ 1692e(2)(A) and 1692e(10).")

well as work product and proprietary information doctrines. Given this assertion, EEC and the Roach Defendants must preserve client confidentiality. Midland Credit retained EEC as its attorney with respect to the collection of its accounts and, thus, EEC cannot disclose these documents given Midland Credit's assertion of privilege. In addition, the contract between Midland Credit and EEC contains confidentiality provisions that preclude EEC from disclosure to any other individual or entity.

As stated in our letter to the Court, dated June 25, 2013, EEC's duties included but were not limited to, handling and resolving debtor disputes as well as prosecuting and/or defending actions, suits or proceedings before any court, arbitrator, or governmental agency. Therefore, communications between Midland and EEC are protected by the attorney-client privilege and EEC's handling of Plaintiff's account also implicates the work-product doctrine. Communications between Midland and any of EEC's agents or subcontractors, including the Roach Defendants, are also protected because the attorney-client privilege "extends to communications of 'one serving as an agent of either attorney or client.'" *Hudson Ins. Co. v. Oppenheim*, 72 A.D.3d 489, 490 (1st Dept 2010) (quoting *Robert V. Straus Prods. v. Pollard*, 289 A.D.2d 130, 131 (2001)). Plaintiff attempts to hinge the Roach Defendants' defenses to the contract between EEC and Midland. This is a red herring; even to the extent that the Roach Defendants' defenses are predicated upon such contract, the law recognizes that as an agent of EEC, the Roach Defendants are bound by assertions of privilege and/or confidentiality by Midland.

Finally, we note that in light of the settlement between Plaintiff and the Midland Defendants, there is simply no basis for the production of the contract between EEC and Midland. The issue in this case is simple: whether EEC and the Roach Defendants knew that the 2006 Judgment against Plaintiff had been vacated when they proceeded to file the Income Execution. That issue can be established without the need for contracts, agreements or other private, confidential or proprietary information that do not relate to Plaintiff's account.

### CERTIFICATE OF CONFERENCE

I certify that I attempted to resolve the matters raised by way of this letter without the necessity of court involvement, but those attempts failed.

Respectfully,
/s/
Ahmad Keshavarz
Counsel for Plaintiff

cc: All attorneys of record via email.

## Exhibit A

Definitions:

- In responding to this subpoena, please refer to and use the "Uniform Definitions in Discovery Requests" set forth in Southern District of New York Local Civil Rule 26.3.
- The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.
- The term "concerning" means relating to, referring to, describing, evidencing or constituting.
- The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).
- "Plaintiff" refers to Ms. Akhtar Khan.
- "Midland" refers to Midland Funding, LLC and Midland Credit Management, P.C.
- "Roach" refers to Peter T. Roach & Associates, P.C., Mr. Peter T. Roach, and Mr. Timothy Murtha.

Time period for request: May 17, 2007 (date Default Judgment was vacated) to November 28, 2012 (date FDCPA suit was filed).

Documents to be produced:

Please produce the following documents:

1. Contracts that describe and govern the relationship between you and any other entity regarding 1) Plaintiff's alleged debt 2) the forwarding of accounts for debt collection and communications with the same, 3) the litigation of the underlying debt collection lawsuit, and 4) the collection of the putative debt.

2. Any documents pertaining to the collection of the putative debt and judgment of Plaintiff, and the forwarding of that account to any person.

3. Any contracts that delineated the relationship between you and any person regarding the investigation of Plaintiff's claim that the alleged debt from the underlying collections lawsuit was actually owed, or the putative judgment was valid.

4. Copies of all agreements or contracts (including any collection agreements, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or other

agreements) between you and Defendants (or any person) in effect from May 17, 2007 to present that govern or relate to the debt sought to be collected from Plaintiff.

5. Your "case notes" or "collection notes" regarding the alleged debt in the underlying action.

6. The documents – in any form – showing the communication of any person or entity regarding Plaintiff, the account that formed the basis of the underlying action, or the putative judgment.

7. Documents reflecting calls made to or received from Plaintiff.

8. Documents reflecting communications you received from or provided to any co-Defendants or third parties prior to the date of this federal lawsuit (November 28, 2012) regarding Plaintiff or the alleged debt.

9. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

10. All audio recordings of Plaintiff, agents, family members or counsel for Plaintiff, or recordings concerning Plaintiff.

| AKJTAR KHAN v. MIDLAND FUNDING, LLR, et al. (12-CV-08462-RJS) |||
|---|---|---|
| Non-party Eltman, Eltman & Cooper, P.C. privilege log |||
| Batestamped Range | Document | Privilege Reason |
| EEC_00001 - EEC_0010 | EEC Account information | Redacted for privacy reasons - information belongs to other debtors |
| EEC_00020 - EEC_00031 | Agreement between Eltman, Eltman & Cooper, P.C and Peter T. Roach & Associates, P.C., dated March 30, 2011 | Attorney Client Communication; Confidentiality provision in agreement |
| EEC_00032 - EEC_00054 | Agreement between Midland and Eltman, Eltman & Cooper, P.C., dated September 17, 2010 | Attorney Client Communication; Confidentiality provision in agreement; contains proprietary information |
| EEC_00055 - EEC_00248 | MCM Firm Manual dated April 22, 2013 | Attorney Client Communication/Work Product; contains propriety information |